APPERSON and DANIEL for appellant.

---

## Henderson vs. Buckley.

ORD. PET.

Case 20.

### ERROR TO THE LOUISVILLE CHANCERY COURT.

1. When a reference is made to several arbitrators all must act, and all act together. If they hear evidence all must hear it and not part, and they report to the others—they must consult jointly; it is the joint determination of all to which the reference is made, and all should sign in presence of each other. (*Russell on Arbitration*, 210.)

2. An award based upon admissions by one of the parties, which are material in making the award, if not made in presence of all the arbitrators, will render the award invalid. (*Blanton v. Gale*, 6 B. Mon., 264.)

December 31.

Judge CRENSHAW delivered the opinion of the court.

Case stated.

Henderson employed Buckley, a painter of portraits, to make a portrait of Henderson's father. The father had been dead some seven or eight years, and the portrait had to be painted from memory. No

price was stipulated, and, after the painting was finished, the parties disagreed as to the sum which should be paid for it. There is testimony tending to show that Buckley asked $500 for the work, and that Henderson offered to pay $100. In this state of things Buckley and Henderson agreed to refer their matter of dispute to the arbitrament and award of J. H. Hilliard, I. N. Webb, D. Brannin, and Thomas Smith. The three first mentioned arbitrators met the parties to receive the *data* upon which the award was to be made. Upon this occasion, these three arbitrators declared their incompetency to judge of the painting, either as a likeness or work of art, and upon this declaration being made Buckley remarked to Henderson, substantially, that there was no disagreement between them as to the likeness and painting, both being good. To this remark these arbitrators understood Henderson to signify his assent either by his word, his manner, or his silence. These three arbitrators state in their depositions, that they were *then* authorized by the parties to consult a competent artist as to the value of such a painting—that is, a portrait taken some seven or eight years after the death of the subject—the likeness and painting both being admitted to be good. The portrait was never presented to the arbitrators for their inspection. I. N. Webb, one of the arbitrators, addressed a letter to J. H. Bush, an artist, enquiring of him the value of a portrait taken some seven or eight years after the death of the subject, the likeness and painting both being good. Bush replied that such a picture would be worth from $700 to $2,000; and the arbitrators, thereupon, awarded to Buckley for his work, the sum of $700.

When Bush was consulted as to the value of the portrait he had not seen it, but made his answer upon the hypothesis contained in the letter addressed to him, that the likeness and painting were good. He afterwards saw it, and had seen the subject of it in his lifetime, and he says in his deposition that it has no merit as a work of art, and is not successful as a

likeness, and that $100 would be ample compensation to Buckley for it.

This suit was brought to set aside the award. No immorality or corruption is charged to the arbitrators, but it is alleged by Henderson that they were mistaken in supposing that he ever admitted the painting and likeness to be good, and charging that improprieties, in law, were committed by the arbitrators.

The supposed admissions of Henderson, about which, it is true, three of the arbitrators think they cannot be mistaken, formed the very basis upon which Bush was consulted, and was the foundation upon which the award was made. These admissions, if made, were not made in the presence of Smith, one of the arbitrators, and were only communicated to him by the other arbitrators, or some one of them. It appears that all the arbitrators were at no time together; from the time they were chosen till the conclusion of the duties which had been devolved upon them. They were not all together when the award was made up or signed. They consulted each other at different times upon the subject, but did not all come together at any one time, so that they might jointly consult together, and each and all jointly co-operate in arriving at a conclusion.

1. When a reference is made to several arbitrators, all must act, and all must act together; the parties are entitled to the suggestions and arguments of each and all of the arbitrators, and these cannot be so well had and considered as when they are made in a joint meeting, and in a joint consultation. Bush was consulted through a letter written by Webb alone, and though this letter was written at the instance and by the consent of the arbitrators, previously given, they do not appear to have been together when it was written, nor that they saw it after it was written. And, although it may have conformed, and doubtless did conform, to what it had been previously agreed it should contain, yet it ought to have been written or read when all were together, that all might at least

1. When a reference is made to several arbitrators, all must act, and all act together. If they hear evidence, all must hear it, and not part, and they report to the others—they must consult jointly; it is the joint determination of all to which the reference is made, and all should sign in presence of each other. (*Russell on Arbitration,* 210.)

inspect it, if not sign it, and that any additional suggestion which might have occurred to either of them might have been weighed and considered and inserted in the letter, if, upon joint consultation, it should have been deemed best to do so. But, instead of this, the abitrators neither upon this occasion, nor any other, acted all together, but they conducted the enquiry of Bush separately, and consulted with one another, not jointly, but when some one or more of the arbitrators was absent. Such a course, however honest may have been the intention of the arbitrators, (and we concede that their intentions were honest and honorable,) was not calculated to do most justice to the parties who had entrusted the decision of their matter of difference to the joint, united consideration and judgment of them all. Even the signing of an award by part only of the arbitrators, chosen to adjust a difficulty, in the absence of others, after they may have come to their conclusion by the co-operation of all, has received the decided condemnation of some of the high courts of England. (*Russell on Arbitration*, 210.)

The greatest objection, however, to the award in this case, and that which must prove fatal to it, if the other objections were waived, is, that what were esteemed by three of the arbitrators as admissions by Henderson, were not made in the presence of the other arbitrator, Smith, but were reported to him by the others. These alleged admissions, as already remarked, formed the very basis upon which the award was made, and it is indispensible to the validity of the award that all the arbitrators should have heard them in person.. This principle is expressly recognized and decided, in the case of *Blanton v. Gale*, 6 *B. Mon.*, 264, and authorities there cited. It is doubtful in the mind of some of the arbitrators who testify as to those admissions, whether they were made by manner only, or by word, and it is not improbable but that, if the other arbitrator had been present, something may have been said by him to Henderson upon

HENDERSON
vs.
BUCKLEY.

2. An award based upon admissions by one of the parties, which are material in making the award, if not made in presence of all the arbitrators, will render the award invalid. *Blanton v. Gale*, 6 *B. Monroe*, 264.

the subject of the supposed admissions, which would have shown that these alleged admissions were not what they were then certainly understood to be; or without any suggestion to Henderson by the absent arbitrator, he, if present, might have understood him very differently. The case of *Blanton v. Gale, supra,* contains the true and only reasonable doctrine in regard to such admissions, and is decisive of this case.

Wherefore, the judgment is reversed, and the cause remanded, that a decree may be rendered setting aside the award.

BALLARD and LOGAN for plaintiff; CATES & REED for defendant.